# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6452 | **DATE** | 5/25/2001 |
| **CASE TITLE** | Lemark Green vs. Delatorre et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted. Plaintiff is given to and including 6/8/01 to amend his complaint in accordance with the attached Memorandum Opinion and Order, if he can do so and remain in compliance with Rule 11. Defendants have to and including 6/22/01 to answer or otherwise plead to any amended complaint.

(11) ■ [For further detail see

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | 3 number of notices |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | MAY 29 2001 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 15 docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 MAY 25 PM 1: 56 | 5/25/2001 date mailed notice |
| kf | courtroom deputy's initials | Date/time received in central Clerk's Office | kf mailing deputy initials |

Document Number 33

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED
MAY 29 2001

| | |
|---|---|
| LEMARK GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 C 6452 |
| ) | Paul E. Plunkett, Senior Judge |
| MIGUEL DELATORRE, MANUEL ) | |
| SOLIS, BAUDILIO LOPEZ, MARK ) | |
| ZAWILLA, DANIEL DELOPEZ, ) | |
| JACOB GALVIN and UNKNOWN ) | |
| CHICAGO POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants under 42 U.S.C. § ("section") 1983 for violating his Fourth Amendment rights and for maliciously prosecuting him. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the malicious prosecution claim from the first amended complaint. For the reasons stated below, the motion is granted.

### Facts

On July 22, 1997, plaintiff was sitting on his bicycle talking with friends when defendants Delatorre and Solis drove up in a police car and ordered plaintiff to come speak with them. (First Am. Compl. ¶¶ 4-5.) Plaintiff refused. (Id. ¶ 6.) He also refused Delatorre and Solis' next order,

-1-

33

which was to get off of his bicycle. (Id. ¶¶ 7-8.) At that point, Delatorre got out of the car and started to beat and choke plaintiff. (Id. ¶ 9.)

While Delatorre was beating plaintiff, Sergeant Doreen Hlavaty arrived on the scene. (Id. ¶ 12.) Her appearance apparently stopped the beating, but otherwise did little to improve the situation. Hlavaty cursed at plaintiff, called him a racially derogatory name and refused to listen to his version of events. (Id. ¶ 13.) Ultimately, the officers arrested plaintiff for disorderly conduct. (Id. ¶ 14.) Plaintiff was never tried for this crime, however, because the government moved to have the charge stricken with leave to reinstate ("SOL"). (Id. ¶ 44.) Moreover, the government effectively abandoned the prosecution by failing to reinstate the charge within the applicable limitations period. (Id.)

After his arrest, plaintiff filed complaints against Delatorre and Hlavaty with the Police Department's Office of Professional Standards ("OPS"). (Id. ¶ 16.) Plaintiff's complaints were sustained and both officers were suspended for one day. (Id. ¶ 17.) Delatorre was told about the OPS decision and the suspension on September 29, 1997. (Id. ¶ 18.)

Two days later, plaintiff was riding in a car with a friend, when several Chicago police cars started to pursue them. (Id. ¶¶ 19-20.) Delatorre and Solis were among the pursuers. (Id. ¶ 20.) Plaintiff's friend stopped the car and plaintiff got out with his hands up. (Id. ¶ 21.) He was arrested and handcuffed. (Id.) Though he did not resist arrest, the officers, including defendants Delatorre, Solis, Zawilla, Galvin and Lopez, beat, kicked and choked plaintiff. (Id. ¶¶ 24-31.) Afterwards, they put plaintiff in a paddy wagon with defendant DeLopez, who beat plaintiff with a flashlight. (Id. ¶¶ 33-34.) Defendants then drove plaintiff to the Area Four police station and left him in an interrogation room for four hours before taking him to a hospital for treatment. (Id. ¶¶ 36-37.) At

the hospital, plaintiff received forty stitches for the injuries defendants had inflicted upon him. (Id. ¶ 38.)

In his first amended complaint, plaintiff alleges that defendants maliciously prosecuted him for disorderly conduct following his July 1997 arrest (Count I), used excessive force, and failed to protect him from excessive force, during his September 1997 arrest (Counts II and III), and failed to provide him with necessary medical care after the September 1997 arrest (Count IV). Defendants ask that we dismiss the malicious prosecution claim plaintiff asserts in Count I.[1]

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

---

[1] Defendants also ask us to dismiss the unlawful seizure claims, to the extent plaintiff asserts them solely under the Fourteenth Amendment. (See Defs.' Mot. Dismiss at 5.) It is clear from the first amended complaint, however, that these claims are grounded in the standards of the Fourth Amendment, which apply to the states through the Due Process Clause of the Fourteenth Amendment. (See, e.g., First. Am. Compl. ¶ 46 ("Defendants . . .violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.").) Defendants' motion to dismiss on this basis is, therefore, denied.

Though it is styled as a malicious prosecution claim, defendants contend that Count I states only a claim for false arrest. The Court agrees. "To plead malicious prosecution [plaintiff] must allege more than that he was arrested without probable cause . . . ." Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir. 1998). Rather, he must allege that the defendants engaged in some unlawful conduct *after* the arrest, such as withholding exculpatory evidence or testifying falsely, to state a section 1983 malicious prosecution claim. Reed v. City of Chicago, 77 F.3d 1049, 1053 (7th Cir. 1996). Plaintiff has not alleged that the defendants engaged in any improper post-arrest conduct. He has not, therefore, stated a viable malicious prosecution claim.[2]

That is not, however, the only problem with this claim. To defeat this motion, plaintiff must also allege that the proceedings underlying his claim were terminated in his favor. Cervantes v. Jones, 188 F.3d 805, 809 (7th Cir. 1999) (setting forth elements of claim) (citations omitted), cert. denied, 120 S. Ct. 1159 (2000). Plaintiff alleges that the proceedings on the disorderly conduct charge terminated in his favor when the charge was SOL and was not reinstated within the applicable eighteen-month limitations period. (First Am. Compl. ¶ 44.) Defendants contend that these allegations are insufficient to establish that the disorderly conduct proceedings terminated in plaintiff's favor.

The Illinois Supreme Court has yet to decide whether striking charges with leave to reinstate them at a later date is a favorable termination of proceedings on which a malicious prosecution claim can be based. It has held, however, that a *nolle prosequi*, the procedure by which the government abandons a prosecution, is not a termination favorable to the accused "unless the abandonment is for

---

[2] Moreover, the false arrest claim that plaintiff has stated in Count I is time-barred. See Sneed v. Rybicki, 146 F.3d 478, 481 (1998) (noting that limitations period for section 1983 false arrest claim is two years from the day of the arrest).

reasons . . . indicative of [his] innocence." Swick v. Liautaud, 169 Ill. 2d 504, 513, 662 N.E.2d 1238, 1243 (1996). The burden of proving a favorable termination, the court said, rests with the plaintiff. Id. "Only when a plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof." Id.; see Cult Awareness Network v. Church of Scientology Int'l, 177 Ill. 2d 267, 685 N.E.2d 1347, 1352-54 (1997) (approving of Swick and holding, in the civil context, that abandonment or withdrawal of a suit constitutes a favorable termination only if the circumstances under which the suit was abandoned or withdrawn suggest that there was no probable cause for the suit).

Taken together, Swick and Cult Awareness Network establish that a malicious prosecution plaintiff must allege more than that the underlying proceedings were abandoned, as they are with a *nolle prosequi*, or withdrawn, as they are with an SOL to state a viable claim. Rather, he must allege that the charges were abandoned or withdrawn "for reasons consistent with his innocence." Swick, 169 Ill. 2d at 513, 662 N.E.2d at 1243. Plaintiff has not alleged that the disorderly conduct charges against him were SOL for reasons consistent with his innocence.[3] Thus, his malicious prosecution claim would still have to be dismissed even if he had alleged that the defendants engaged in some improper post-arrest conduct.

---

[3]Plaintiff need not obtain an explanation for the SOL decision from the prosecutor to comply with this pleading requirement. Rather, he can allege a favorable termination if the circumstances surrounding the prosecutor's motion to strike the charges suggest that the prosecution lacked probable cause. See Velez v. Avis Rent A Car Sys., Inc., 308 Ill. App. 3d 923, 925, 929, 721 N.E.2d 652, 653, 656 (1st Dist. 1999) (holding that plaintiff adequately pled favorable termination by alleging that the charges against him were SOL and reinstated twice and that Avis refused to proceed to trial within the limitations period even after plaintiff made a demand for immediate trial under the Speedy Trial Act). Absent some indication that it may have motivated the SOL decision, however, plaintiff's bare allegation that he was innocent of the charge does not establish a favorable termination.

## Conclusion

For the reasons set forth above, defendants' motion to dismiss is granted. Plaintiff is given fourteen days to amend his complaint in accordance with this Memorandum Opinion and Order, if he can do so and remain in compliance with Rule 11. Defendants have fourteen days thereafter to answer or otherwise plead to any amended complaint.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 5/25/01