# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6452 | **DATE** | 1/21/2004 |
| **CASE TITLE** | LEMARK GREEN vs. MIGUEL DELATORRE, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on plaintiff's failure to provide medical care claim and defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment on that claim is, therefore, granted. Defendants' motion to preclude plaintiff from introducing evidence or arguing in this case that: (1) he did not fire a gun at defendants Lopez and Galvin on the evening of 10/1/97; and (2) he was arrested on 10/1/97 in retaliation for a prior run in with Delatorre and Solis rather than for criminal conduct is also granted. In all other respects, defendants' motion to exclude is denied. The parties have to and including 3/22/04 in which to submit their final pretrial order. Status hearing set for 3/24/04 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEMARK GREEN, )
)
    Plaintiff, )
)
v. ) No. 99 C 6452
) Paul E. Plunkett, Senior Judge
MIGUEL DELATORRE, MANUEL )
SOLIS, BAUDILIO LOPEZ, MARK )
ZAWILLA, DANIEL DELOPEZ and )
JACOB GALVIN, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants under 42 U.S.C. § ("section") 1983 for violating his Fourth and Fourteenth Amendment rights. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment, which we have construed as a motion to exclude evidence and a motion for summary judgment on plaintiff's failure to provide medical care claim.[1] For the reasons stated below, the motion to exclude is granted in part and denied in part and the motion for summary judgment is granted.

---

[1] Though they have styled their motion as one for summary judgment, defendants' collateral estoppel and Heck v. Humphrey, 512 U.S. 477 (1994) arguments are more in the nature of a motion *in limine*. Accordingly, the Court has construed those arguments as a motion to exclude certain evidence, rather than a motion for summary judgment.

-1-

## Facts

On October 1, 1997, defendants Lopez, Galvin, Zawilla and DeLopez were conducting undercover surveillance from unmarked cars near the intersection of Ogden and Racine in Chicago. (Defs.' LR 56.1(a)(3) Stmt., Ex. I, People v. Green, 791 N.E.2d 134, 137 (Ill. App. Ct. 1993).) Plaintiff fired a gun in the officers' direction. (Id.; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 13.) Ultimately, defendants arrested plaintiff. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶6.)

Plaintiff says that he peacefully submitted to the arrest, but was nonetheless beaten severely by defendants. (Id. ¶¶ 9-16.) Defendants say that plaintiff tried to escape and violently resisted arrest, injuring himself in the process. (Defs.' Am. LR 56.1(a)(3) Stmt., Ex. X, 1/13/99 Trial Tr. at 56-60, 96.)

Though plaintiff was obviously bleeding, defendants did not take him immediately to the hospital. (Id. at 60.) Rather, they first took him to the police station for processing and, two and one-half hours later, took him to St. Anthony's Hospital for treatment. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 17, 19.)

At the hospital, plaintiff was given several x-rays and a CT scan of his head, which were normal. (Id. ¶¶ 22-23.) He received forty stitches for cuts on his face and head, intravenous fluids, antibiotics and a tetanus shot. (Id. ¶ 21.)

Subsequently, plaintiff was tried in state court for the attempted murder of defendants DeLopez, Lopez, Galvin and Zawilla and for aggravated discharge of a firearm. He was convicted of attempting to murder Galvin and Lopez and of aggravated discharge of a firearm. He was acquitted of attempting to murder DeLopez and Zawilla. (Pl.'s App. Exs. Supp. Pl.'s LR 56.1(b)(3)(B) Stmt., Ex. 3, Jury Verdict at 129-30.)

## Discussion

### Motion to Exclude Evidence

Defendants argue that the doctrine of collateral estoppel bars plaintiff from relitigating in this case any issue decided against him during the state criminal proceedings. As a general matter, they are correct. See Allen v. McCurry, 449 U.S. 90, 104 (1980) (holding that state criminal proceedings may estop section 1983 actions); Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81-83 (1984) (federal court must give a state court judgment the same preclusive effect that the rendering state would accord it); American Family Mut. Ins. Co. v. Savickas, 739 N.E.2d 445, 449-51 (Ill. 2000) (overruling Thornton v. Paul, 384 N.E.2d 335 (Ill. 1978), and holding that criminal convictions can estop subsequent civil actions). Collateral estoppel is an affirmative defense. Adair v. Sherman, 230 F.3d 890, 894 (7th Cir. 2000). Thus, defendants have "the burden to set forth facts sufficient to satisfy each element of the defense." Id.

Under Illinois law, collateral estoppel applies if: (1) the issue decided in the prior action is identical to the one currently presented; (2) a court of competent jurisdiction rendered a final judgment on the merits in the prior action; (3) the party against whom the doctrine is asserted was a party to the prior action or in privity with a party; (4) the issue was actually and necessarily litigated and determined in the prior action; and (5) the party to be estopped had a full and fair opportunity to litigate the issue in the prior proceeding. American Family, 739 N.E.2d at 451. Defendants say the following facts were determined against plaintiff in the state criminal case: (1) that he did not fire a gun at the officers; and (2) that he was arrested in retaliation for a previous encounter he had with defendants Delatorre and Solis. The Court agrees, in part.

Plaintiff's criminal case was tried to a jury, not a judge. Thus, there were no findings of fact, *per se*. Of course, the jury had to have accepted certain facts and rejected others to reach the verdicts

-3-

that it did. Given its guilty verdicts on the counts of attempted murder of Galvin and Lopez and aggravated discharge of a firearm, one of the facts the jury had to have accepted was that plaintiff fired a gun at Galvin and Lopez. See 720 ILL. COMP. STAT. 5/8-4(a) ("A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."); 720 ILL. COMP. STAT. 5/9-1(a) ("A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death: (1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or (2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another; or (3) he is attempting or committing a forcible felony other than second degree murder."); 720 ILL. COMP. STAT. 5/24-1.2(a) ("A person commits aggravated discharge of a firearm when he or she knowingly or intentionally . . . [d]ischarges a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person."). Thus, plaintiff is collaterally estopped from arguing in this case that he did not fire a gun at those defendants.

Defendants have not, however, demonstrated that the criminal case actually and necessarily determined that plaintiff fired the gun at defendants DeLopez and Zawilla. Though there was evidence that plaintiff fired at all four of the undercover officers, (Defs.' LR 56.1(a)(3) Stmt., Ex. I, People v. Green, 791 N.E.2d 134, 137 (Ill. App. Ct. 2003), and the guilty verdict on the aggravated discharge of a firearm charge is consistent with that notion, the acquittals on the charges that plaintiff attempted to murder DeLopez and Zawilla muddies the waters. It may be that the jury believed he shot at those officers, but did so without the requisite intent. But an equally plausible explanation is that the jury believed Galvin and Lopez were his only targets and Zawilla and DeLopez just happened to be in the vicinity. In any event, absent some evidence that the state court action

-4-

necessarily and actually determined that plaintiff fired a gun at Zawilla and DeLopez, evidence that defendants have not provided, plaintiff is not collaterally estopped from arguing that he did no such thing.

Collateral estoppel also does not apply to the last category of facts identified by defendants, those pertaining to plaintiff's theory that the arrest was in retaliation for his previous run in with Delatorre and Solis. Those facts were neither accepted nor rejected by the criminal jury because they were excluded from the trial on the grounds of relevance. (See id. at 142.) Given that ruling, we cannot see, and defendants have not explained, how the facts about that alleged incident were actually litigated or necessarily determined by the state case. Thus, collateral estoppel does not bar plaintiff from introducing evidence in this case about his retaliation theory.

Even if collateral estoppel does not bar plaintiff from presenting his retaliation theory to the jury in this case, defendants say that Heck v. Humphrey, 512 U.S. 477 (1994) does. In Heck, the Supreme Court held that a section 1983 plaintiff can "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," only if he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. If plaintiff successfully argues that he was arrested in retaliation for his run in with Delatorre and Solis, not for his criminal conduct, defendants say, then his success in this suit would cast serious doubt on the validity of his criminal convictions.

The Court agrees. To prevail on his excessive force claim, plaintiff must show that he was seized, within the meaning of the Fourth Amendment, and that the seizure was unreasonable under the circumstances. United States v. Bradley, 196 F.3d 762, 767 (7th Cir. 1999). "[T]he 'reasonable-

-5-

ness' inquiry . . . is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). Plaintiff's criminal convictions establish that one of the facts confronting defendants was their knowledge that plaintiff had just fired a gun at Galvin and Lopez. Allowing plaintiff to argue that he had not done so would be tantamount to telling the jury that defendants had no legal basis for arresting plaintiff, a proposition clearly at odds with his criminal convictions. That is just the kind of attack that Heck forbids plaintiff from waging on his convictions. Thus, defendants' motion to bar plaintiff from presenting evidence or arguing that he was arrested in retaliation for his prior run in with Delatorre and Solis, rather than for any criminal conduct, is granted.[2]

## Summary Judgment Motion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Ill.,

---

[2]Heck is otherwise no bar to plaintiff's excessive force and failure to protect claims. Even if the jury determines that defendants used an unreasonable amount of force to arrest plaintiff or failed to protect him from the unwarranted violence of other officers, those findings would cast no doubt on the validity of the arrest or the resulting convictions.

Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

Defendants contend that they are entitled to summary judgment on plaintiff's failure to provide medical care claim. To defeat defendants' motion on this claim, plaintiff must produce some evidence that defendants were deliberately indifferent to his serious medical needs by delaying or denying him treatment. Langston v. Peters, 100 F.3d 1235, 1240 (7th Cir. 1996). A delay in providing medical treatment is unconstitutional, however, only if there is evidence showing the "detrimental effect" of that delay. Id.

Viewed favorably to plaintiff, the evidence shows that he suffered multiple cuts, which required forty stitches to close, multiple bruises and head trauma during the arrest. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 20-21.) The evidence also shows that defendants took plaintiff to the police station immediately after the arrest, despite the fact that he was cut, bruised and bleeding, and did not take him to the hospital until two and one-half hours later. (Id. ¶¶ 18-19.)

Even if we assume that those facts satisfy the serious medical need and deliberate indifference elements of plaintiff's claim, plaintiff must still show that the delay in treatment detrimentally affected his condition, if he is to defeat defendants' motion. That he has not done. Plaintiff offers no facts to suggest that the delay increased his cuts and bruises in number or severity, caused him to develop an infection or other complication or significantly increased his pain. Nor is there evidence that plaintiff would have received any different or additional treatment, more immediate palliative measures[3] or recovered more quickly if his injuries had been treated immediately. In short, there is no suggestion in the record that the delay in treatment worsened plaintiff's condition in any

---

[3] In fact, plaintiff does not point out what palliative measures, if any, were given to him at the hospital.

way. Consequently, defendants' motion for summary judgment on plaintiff's medical care claim is granted.

### Conclusion

For the reasons set forth above, there is no genuine issue of material fact on plaintiff's failure to provide medical care claim and defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment on that claim is, therefore, granted. Defendants' motion to preclude plaintiff from introducing evidence or arguing in this case that: (1) he did not fire a gun at defendants Lopez and Galvin on the evening of October 1, 1997; and (2) he was arrested on October 1, 1997 in retaliation for a prior run in with Delatorre and Solis rather than for criminal conduct is also granted. In all other respects, defendants' motion to exclude is denied. The parties have sixty days from the date of this Memorandum Opinion and Order to submit their final pretrial order.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: January 21, 2004